UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FT. MYERS DIVISION

ATLANTIC SPECIALTY INSURANCE COMPANY,

     Plaintiff,

v.

KEVIN HYMA,

     Defendant.

CASE NO.

**COMPLAINT FOR DECLARATORY RELIEF**

**Rule 9(h)**

Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY ("Plaintiff" or "ASIC"), by and through its undersigned counsel, sues Defendant KEVIN HYMA ("HYMA"), for declaratory relief, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1333 as a matter of Admiralty and Maritime Jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 2201, Declaratory Judgments.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. Sections 1391(a), 1391(b) and 1391(c), because all the Defendants are citizens of the state of Florida and the present claim for declaratory relief arose in Lee County, Florida, which is located in this district and division thereof.

CASE NO. _____

- 2 -

4. All conditions precedent to the filing of this action have occurred or have been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Plaintiff, ASIC, is and was a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of Minnesota.

7. Upon information and belief, at all times material to this action, Defendant HYMA is and was domiciled in the state of Florida and is and was a citizen of Florida.

8. Therefore, because this action is between citizens of different states and the amount in controversy requirement has been met, this Court has jurisdiction. 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

9. At all times material to this action, ASIC issued a Bumbershoot Liability Policy No. B5JH28041 (the "Policy"), to Hanson Marine, the owner of the subject vessel. The Policy was effective from April 15, 2020 to April 15, 2021. The terms, conditions and limitations of the Policy are fully incorporated herein.

10. This matter arises out of a claim for personal injury brought by Kayley Prinzi ("Prinzi") against HYMA, Hanson Marine and Beachcat Boats ("Beachcat"). Prinzi, Hanson and Beachcat have expressly acknowledged and agreed that the Policy does not provide coverage for this accident. .

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. _____

11.     Upon information and belief, on or about October 3, 2020, Prinzi was part of a party which rented a vessel from Hanson Marine. During the course of operation of the vessel by HYMA, another member of Prinzi's party, Prinzi fell or was thrown overboard and was struck by the vessel's power unit resulting in the amputation of Prinzi's leg.

12.     As a result of the incident, Hanson Marine filed and action for Exoneration Form or Limitation of Liability in in the United States District Court for the Middle District of Florida, Ft. Myers Division, Case No. 2:20-cv-00958 ("Limitation Action"). As state court action was also filed by Prinzi. Upon information and belief, the limitation action was voluntarily dismissed.

## UNDERWRITING ASIC'S POLICY

13.     On or about April 8, 2020, ASIC was contacted by Hanson Marine's insurance broker - Brown & Brown - regarding renewal of an excess Bumbershoot policy for Hanson Marine.

14.     On or about April 9, 2020, Kim Jaime of ASIC responded to the request from Brown & Brown by providing a "renewal quote."

15.     At all times, Brown & Brown was acting as an agent for Hanson Marine in regards to the placement of this insurance.

16.     In providing the quote, ASIC specifically stated " No vessels are scheduled as we are not providing any coverage for the rental boats" and further "P&I is only for MOLL"

17.     On April 14, 2020, by email Brown & Brown further responded to "Underwriting Questions." To the statement "No vessels are scheduled as we are not providing any coverage for the rental boats", Brown & Brown responded "Initial Response: Per our conversation, they had declined to cover this exposure years before due to the cost."

18.     On April 14, Kim Jaime responded to Brown & Browns;' April 14th email by stating "P&I MOLL-Just a note to clarify we are only providing P&I for MOLL. No vessels are schedule."

CASE NO. _____

19. This exchange was consistent with the prior year's renewal between ASIC and HANSON's broker. In that exchange Magda Martinez of Brown & Brown, in an email dated April 15, 2019, advised that "the insured does not want Bumbershoot to go over Rental boats."

20. Upon information and belief, Hanson Marine had obtained a Boat Dealers/Repairers and Marina Operators Policy, Policy No. YD 1021130A, from ACE American Insurance Company ("ACE") that included both Marina Operator's Legal Liability ("MOLL") and Protection & Indemnity ("P&I") coverages (the "ACE Marine Policy"). Said Ace Marine Policy defines MOLL operations as "Repair, Storage Afloat, Fueling, Storage Ashore".

21. Upon information and belief, Hanson Marine had obtained an additional policy from ACE , Policy No. MCRD42268173, which among other coverages, provided Commercial General Liability coverage (the "ACE GL Policy").

22. ASIC eventually issued the Policy. The Policy's primary provisions contain the following pertinent language:

**INTERNATIONAL MARINE UNDERWRITERS**

**BUMBERSHOOT LIABILITY POLICY**

    **I.**    **COVERAGE – INSURING AGREEMENT**
We will pay on behalf of the "Insured" in respects of the following (including such expenses as are set out in the definition of "Ultimate Net Loss"):

    **1.**    Protection and Indemnity ("P&I") losses covered by the scheduled underlying protection and indemnity insurances or, in the absence of underlying protection and indemnity insurance, those losses that are covered under the standard SP-23 form of protection and indemnity insurance.

. . .

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for in this Policy. This insurance applies only to

CASE NO. _____

covered losses that occur during the Policy period. The covered loss must be caused by an "Occurrence" and the "Occurrence" must happen during the Policy period.

**II.     LIMITS OF LIABILITY – UNDERLYING LIMITS**
We shall only be liable for the excess of either:

**(a)**     The amount(s) of the limit(s) set out in the "Underlying Insurance" identified in the attached Schedule ….

. . .

**(b)**     The Retained Limit as stated in the Declarations in respect of each "occurrence" not covered by said "Underlying Insurance." (all hereinafter called the "Underlying Limits") and then only up to a further "Ultimate Net Loss" in respect of each "Occurrence" as stated in the Declarations as the Limits of Insurance.

. . .

**IV.     EXCLUSIONS**

**A.     Conditional Exclusions**

The following Conditional Exclusions shall apply to all claims or "Suits" for loss, damage or expense unless coverage is provided for in a policy listed in the Schedule of Underlying Insurance, in which case, this Policy shall only operate as excess thereof. This Policy shall not cover any liability arising out of:

. . .

**2**.     **Charter Contracts**

A charter contract, charter agreement, charter party or any other agreement, written or oral, for the charter or lease of a watercraft or vessel or space on a watercraft or vessel.

**V.     CONDITIONS**

. . .

**19.     Schedule of Vessels**

If this Policy includes a Schedule of Vessels, then only those vessels and watercraft listed thereunder are covered under this Policy.

. . .

**VI.     DEFINITIONS**

. . .

- 5 -

CASE NO. _____

     **9.**     **"Occurrence"** means a sudden and unexpected event or an accident to which this insurance applies and which takes place during the term of this Policy, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

     **15.**     **"Underlying Insurance"** means the coverage(s) afforded under insurance policies listed in the Schedule of Underlying Insurance or other underlying insurance available to the "Insured"; including any policies issued to replace these underlying policies that include the same limits, same coverage and the same terms and conditions.

In accordance with Section V, Paragraph 19, the Policy contained a "Schedule of Vessels" that provides as follows:

**SCHEDULE OF VESSELS**

| VESSEL NAME | AGREED VALUE & AMOUNT INSURED | DESCRIPTION |
|---|---|---|
| Not Covered | Not Covered | Not Covered |

All other terms and conditions remain unchanged.

23.    Both the Ace Marine Policy and the Ace GL Policy are included in the SCHEDULE OF UNDERLYING INSURANCE for the ASIC Policy.

24.    Upon information and belief, HYMA is being defended in the underlying action pursuant to the ACE Marine Policy's P&I coverage that applies to Hanson Marines owned and scheduled vessels.

25.    Upon information and belief, ACE has denied coverage to KYMA for defense or indemnity under the ACE GL Policy. The determination of coverage under the ACE GL Policy is not necessary for a determination as to the relief being sought by this action.

## COUNT I - DECLARATORY RELIEF

26.    Plaintiff, ASIC hereby incorporates by reference and restates the allegations of paragraphs 1-30 as if fully stated herein.

- 6 -

CASE NO. _____

27. Claims arising from the rental of HANSON's owned vessels are specifically excluded from the Policy.

28. The Policy, by its plain terms in Condition 19 and the Schedule of Vessels endorsement, does not provide any coverage for Hanson Marine's owned vessels.

29. While the Policy language excluding coverage for Hanson Marine's owned vessels is clear, unambiguous, and requires no explanation or clarification from extrinsic evidence, the Policy's underwriting shows that this result is consistent with the intent of the parties as expressed by the email exchanges between Brown & Brown and ASIC prior to issuance of the Policy. This is further consistent with the prior history between the parties in regard to issuance of a Bumbershoot policy.

30. Said Policy would also, therefore, not provide coverage to HYMA as an alleged permissive user of HANSON's vessel.

31. ASIC contends that the Policy does not provide coverage for the claims made by PRINZI and BEACHCAT HYMA.

32. HYMA may claims entitlement to coverage under the Policy.

33. An actual, present, and justiciable controversy exists between Plaintiff, ASIC and HYMA warranting the entry of declaratory judgment by this Court that the Policy does not provide coverage for the claims.

WHEREFORE, Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully requests this Honorable Court to enter judgment in its favor, declaring that the ATLANTIC SPECIALTY INSURANCE COMPANY Bumbershoot Liability Policy No. B5JH28041 issued to HANSON MARINE PROPERTIES, INC. does not provide coverage to HYMA for any claim arising from the incident of October 3, 2020.

CASE NO. _____

- 8 -

Dated:  September 2, 2022.

          Respectfully submitted,

          s/James N. Hurley
          James N. Hurley
          Fla. Bar No. 354104
          Email: jhurley@fowler-white.com
          FOWLER WHITE BURNETT, P.A.
          1395 Brickell Avenue, 14th Floor
          Miami, FL  33131
          Telephone:   (305) 789-9200
          Facsimile:    (305) 789-9201